UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-00096-26-JRG-CRW |
| | ) | |
| RONALD DEAN CANTRELL, JR | ) | |

## MEMORANDUM

This matter is before the Court on Defendant Ronald Dean Cantrell, Jr.'s motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 1352]. The United States responded. [Doc. 1354]. Defendant did not file a reply and the time in which to do so has now passed. *See* E.D. Tenn. LR 7.1. For the reasons discussed below, Defendant's motion for sentence reduction will be **DENIED**.

### I. BACKGROUND

In July 2019, a federal grand jury indicted Defendant on one count of conspiracy to distribute 50 grams or more of methamphetamine. [Doc. 3]. Defendant entered into a plea agreement with the United States and pled guilty to the lesser included offense of conspiracy to distribute five or more grams of methamphetamine. [*See* Docs. 379, 482].

At sentencing, Defendant had a criminal history score of seven, which included two "status points" for committing the instant offense while under a criminal justice sentence. [Doc. 675 ¶¶ 43–44]. With a criminal history score of seven, Defendant qualified as a criminal history category IV. [*Id.* ¶ 45]. His total offense level was 25, yielding a guidelines range of 84 to 105 months. [Doc. 982 at 1]. The Court departed downward from the guidelines range pursuant to a government motion and imposed a term of imprisonment of 70 months. [*Id.* at 2; Doc. 981 at 2].

On January 24, 2024, Defendant filed the instant motion for a sentence reduction under § 3582(c)(2). [Doc. 1352]. In the motion, he asserts that he is eligible for relief under Part A of Amendment 821, which reduces the number of "status points" defendants receive for having committed the instant offense while under a criminal justice sentence. [*Id.*]. Defendant asserts that he is eligible for immediate release and asks the Court to reduce his sentence to time served. [*Id.* at 5–6]. The United States agrees that Defendant is eligible for a reduced sentence of time served and defers to the Court's discretion regarding whether a sentence reduction is warranted. [Doc. 1354 at 1]. However, it maintains that the Court could reasonably deny Defendant's motion in light of his post-sentencing conduct. [*Id.* at 4].

Defendant is currently housed in a halfway house, with a projected release date of March 31, 2024. *Find an Inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (search by name) (last accessed February 21, 2024).

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation omitted). One exception to this rule is found in 18 U.S.C. § 3582(c)(2), which permits courts to reduce the sentence of a prisoner who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" if such a reduction is consistent with Sentencing Commission policy statements and § 3553(a) factors.

When deciding a § 3582(c)(2) motion, courts engage in a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the court determines whether the defendant is eligible for a sentence reduction. *Id.* at 827. At this step, the Court must verify that a reduction is

2

consistent with U.S.S.G. § 1B1.10 and calculate the amended guideline range that would have applied to the defendant if the relevant amendment had been applied at the time of his sentencing. *Id.* If the defendant is eligible for relief under § 3582(c)(2), the court then proceeds to the second step, which requires the court to consider whether, and to what extent, a sentence reduction is warranted. *Id.* The court makes this assessment by considering the factors set forth in 18 U.S.C. § 3553(a) and any relevant policy statements. § 3582(c)(2).

### III.  DISCUSSION

Here, it is undisputed that Defendant is eligible for a sentence reduction under Amendment 821. The parties agree that under Part A of the Amendment, he would not have any status points, resulting in a criminal history category of III, instead of IV, and an amended guidelines range of 70 to 87 months. [*See* Doc. 1352 at 5; Doc. 1354 at 3–4]. If the Court applies a downward departure comparable to that imposed at Defendant's original sentencing, he would be eligible for a reduced sentence of time served.

Although Defendant is eligible for a sentence reduction, he has not presented the Court with any reasons why a sentence reduction is warranted under the § 3553(a) factors. And the evidence provided by the United States presents a mixed picture regarding his rehabilitation. Specifically, the Court notes that Defendant has completed 158 hours of programming and is participating in a medication-assisted drug treatment program. [Docs. 1354-1, 1354-2]. However, he failed or withdrew from the Residential Drug Abuse Treatment Program and incurred a disciplinary sanction due to his testing positive for amphetamine and methamphetamine in October 2023. [Docs. 1354-1, 1354-3].

While the Court commends Defendant for participation in Bureau of Prisons programming and efforts toward rehabilitation, his recent disciplinary sanction weighs against a sentence

3

reduction. Having considered the § 3553(a) factors and applicable policy statements, the Court does not find that a sentence reduction is warranted.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion for sentence reduction [Doc. 1352] is **DENIED**.

ENTER:

                                                      s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE